Thank you. Good morning, Your Honors. My name is Larry Gibbs, and I am appearing on behalf of the petitioner-appellant Michael Childress. Mr. Childress was convicted and sentenced to life in prison on an unconstitutional theory, Your Honors. I'm not alone in holding that belief. The magistrate filed a very extensive 22-page decision explaining why he thought that Mr. Childress deserved habeas corpus relief in this case. In order to understand why that's true, there are really three critical events that happened in the trial court that are really at the heart of the case. The first event is really undisputed, which is that the trial judge gave the wrong mental state instruction on the crime for which Mr. Childress was convicted. He instructed that murder was a general-intent crime. That's wrong. There's no dispute about that. What was your defense at trial? The defense, Your Honor, was that essentially was that Mr. Childress was acting under duress or also known as menace, and that he had a reasonable and an honest belief in the need to flee his pursuers. And therefore, he was urging that there should be an acquittal based on that. And the judge charged that? The judge did charge that, but that was not all he charged. Well, I understand that, but there was no issue that your client knew that what he was doing was going through a red light at 90 miles an hour was illegal. No, there was no issue about whether he knew that, but the issue that was critical for his defense was whether it was the reason that he was acting that way. And again, let me – But why didn't the charge on duress and fear and duress take care of that? In other words, even if the charge as a whole somehow was on the issue of general intent was wrong, why isn't it a harmless error? Because the basic – your client's basic defense essentially was charged to the jury, probably more than he deserved under California law, and the issue of general intent was really largely irrelevant here, given his testimony and the way the case was argued to the jury. I don't know whether you tried it or another lawyer tried it. No, I did not. It was argued – look, he couldn't have had the intent to commit this crime because he was afraid that this guy who was chasing him was either going to run him off the road or kill him. Right. But, Your Honor, in any homicide case, there are various levels of culpability, and you can have various defenses that are not necessarily inconsistent. So, for example, you can have a complete defense based on duress, which Mr. Childress asked the jury to be instructed on, but there are also mitigated defenses. There are defenses that mitigate the mental state of malice that would – What was that in this case? In that – I'm sorry, what – I mean, you're talking hypothetically. Tie it to this case. I'm sorry. Well, in this case, in order to prove menace, you have to prove that you have both an honest and a reasonable belief in the need to do what you're doing. Now, if you just – if your belief is only honest, that is, if you have an honest fear may not be reasonable, but it's honest, then that can be used to negate the essential element of malice, and you arrive at a verdict of voluntary manslaughter. Now, those two defenses are not inconsistent. If the jury doesn't believe – and the need to do what he was doing was reasonable, it still can be honest, and thereby it can negate malice and arrive at a manslaughter verdict. There's no dispute about that law. The California Supreme Court has clearly said that the reason why a person does what they're doing in this situation – speeding, running a red light – the reason they're doing it is not only relevant, it's highly relevant to whether or not there was implied malice. And that defense was one that trial counsel pushed as well as the complete defense of menace, but the jury was not permitted to deliberate on that. Well, to come back to your general versus specific intent problem, there is a – as the California Court of Appeal recognized, there is that almost stray statement about general intent, but when it came down to actually instructing the jury on the crime he was charged with, they were pretty specific, that it was a specific intent, malice requirement, right? I mean, there was a general thing that, you know, I think three pages away from having said what the elements or something about the charges, the Court said, you know, it's general intent, and then three pages later, when he comes down to actually telling him what the elements of the charges are and what must be found, it's pretty clear those aren't general intent elements, are they? That's correct. And if – and, Your Honor, if those were the only two instructions that were given in this case, the general intent and then the implied malice instructions, and then the jury came back with a verdict, I lose. If those were the only two things we're saying, I would not be wasting ten minutes of your time here debating that. But after those very specific instructions on implied malice, something terribly important happened in this case, which is that there was an inconsistency, and the jury, I think very intelligently, noticed this inconsistency. It was – in fact, the inconsistency – the Supreme Court has instructed us in Middleton v. McNeil to refer to that as an ambiguity, and I know there's some judges on the panel who are familiar with Middleton v. McNeil. But what the – what the Supreme Court has said is that when you have an ambiguity, the question is whether there's a reasonable likelihood that the jury interpreted that instruction in an unconstitutional way. And the terribly important thing that happened is that the jury asked, how do we interpret this instruction? Can we take his fear into account in moving from murder to manslaughter? Now, I think it's – it's important to understand what the jury is asking. In California, general criminal intent – you know, three kind of confusing words have a very particular meaning. And what they mean is that there are no lesser offenses based on different levels of mental state. If you have general criminal – if the crime involves general criminal intent, like assault, if it's proved that the law prohibits, that's it. There's no lesser included offense. The jury is asking, wait a minute, can we return a manslaughter verdict based on his fear? And let me say, the answer to that question I think is undisputed. The answer to that question is yes. Under People v. Anderson, the reason a person doesn't act for which they're being prosecuted in implied malice murder is highly relevant. So the right answer to that question was yes. You can go back and consider and deliberate using his fear and whether or not this was a manslaughter verdict. So we go well beyond – I didn't understand that Anderson actually said that. It simply – it first said that the duress couldn't be a defense to either manslaughter or second degree implied malice murder, that you never could justify taking the life of somebody who was not posing the threat to you. It didn't address the issue that you're arguing. It simply – at one place, and it's an awkward place in the opinion, it said, well, the dissent conjures up this hypothetical of somebody who was driving and had a gun to his head and drove and followed instructions and actually killed somebody. This is in Anderson. And they said, well, it might – it's not a defense, but it might go to the mental state. They said nothing about manslaughter one way or the other or whether it would reduce the offense of second degree murder to manslaughter. And this case isn't precisely somebody driving with a gun to his head being given directions that if you don't do this, I'll kill you. So why isn't that – why isn't that a state law question as to whether or not he was entitled to anything more than he was given? Well, Your Honor, there's two questions there, I think, yes. The first is, you know, what is the meaning of that statement in Anderson about that why a person acts a way as highly relevant to the mental state? And the law of California, we have several lessors when you're charged with murder because it's a specific intent crime. And if you can negate the mental state, you're entitled to – you can reduce it to voluntary manslaughter. If you negate intent to kill, you can reduce it to involuntary manslaughter. So what the Supreme Court was talking about there was saying, you know, a defendant is entitled to defend a charge of implied malice murder based on the – on what he was thinking, why he was doing what he was doing. And if he succeeds in convincing the jury that he was not acting from a base and antisocial motive, if he had some other motive that was not what we used to call the abandoned and malignant heart, if he had some other motive, like fear, then that can negate the mental state for implied malice and you end up at a lesser – a lesser offense. Well, what I don't understand, and maybe you could help me, the jury rejected the defense of fear and duress, which is what they were charged. And they – and in fact, they were – defense is a loose word because they were really charged that the government had to prove beyond a reasonable doubt that he didn't do it because of fear and duress. And so they're finding him guilty of the – of both murder and manslaughter, but particularly the murder, suggests that they rejected – they found beyond a reasonable doubt that it was not because of fear and duress. So how – how is this not harmless error here? Because when the jury – I don't understand your point. I don't – When the jury found him guilty and rejected the defense of duress, that defense has two elements to it. It has to be an honest belief – an honest belief in fear and it has to be objectively reasonable. The jury could easily have said, okay, this is not objectively reasonable for somebody to believe this. And on – just on the basis of rejecting – No, but let me – let me just stop there. But that's because you're treating it as a defense when you're talking about it there. But it's really the government's burden, is it not? The government's burden to prove the mental state, yes. But the – But that it's neither honest nor reasonable. I mean, you – it's not a normal defense where I come in and I say, you know, the defendant – the defendant, of course, has no burden here. But if the jury rejects the defense, haven't they determined that the government has proven that beyond a reasonable doubt? They've – the government has proven that the defense of duress does not apply as a complete defense. And they can do that simply by showing that one element of it does not apply and that's that it was not objectively reasonable. Now you get to the question, well, what about the fear part? Just because they reject the duress defense doesn't mean that they – that they didn't find or wouldn't have found that the defendant had a – an honest fear. Okay. I think we have your argument in mind. Thank you. I reserve – You've already gone over it by two minutes. Okay. Thank you, Your Honor. Good morning, Your Honor. Deputy Attorney General David Rhodes for Respondent. We – Respondent's position is that the district court was correct in finding the error in this case to be harmless. We believe that it was at most an ambiguous error to include the general intent instruction along with the properly given second-degree murder instructions. And in analyzing it, I think it's important to look at the language of the instructions that were actually given. As attorneys and judges, we know the significance of the classification of crimes as specific intent or general intent. That, of course, means nothing to a jury. The jury would simply look at the language. And the language of that general intent instruction told the jury three things. It told the jury that criminal conduct and mental state must occur at the same time. That's a correct statement of California law with regard to second-degree murder. Secondly, it told the jury that intent to violate the law was not necessarily, only that the defendant acted intentionally. That also is correct. And then the third thing that that general intent instruction told the jury was simply to look to that which the law declares to be a crime for further definition of the mental state. So I think the addition of that general intent instruction along with the second-degree murder instructions, it's simply impossible that there's any way that the jury could have been able to find implied malice. And I also think that the note that the jury handed to the question that the jury asked later had no effect on the question whatsoever. Basically, they asked about fear. And fear was addressed in the instructions only once, and that was in the duress instruction, which, as the court has already observed, the defendant was not entitled to in any case. And I think basically what the jury was asking is can we consider fear to mitigate it or does it mean that he is entitled to an acquittal? And what the court did was simply refer them back to CALJIC 4.40 and again mention general criminal intent. Well, would you respond to counsel's argument that even if the government had met its burden in proving the fear element or the lack of duress beyond a reasonable doubt, that that left open the possibility that he had an honest fear and that that would be able to, in effect, mitigate or diminish the foundation for malice? Certainly fear could be part of his mental state and that would be left open under the instructions given for the jurors to consider in terms of whether or not he held implied malice. The court didn't say that you simply cannot consider it. It simply referred them to 4.40 again but left that question open. But what about the distinction I thought Petitioner's counsel was drawing? He seemed to suggest that an honest fear was required for second-degree murder acquittal and a manslaughter acquittal, but somehow a less-than-honest fear, an unreasonable... a fear that was not reasonable could somehow reduce this to manslaughter. Is that true? I'm not sure you can define it that precisely. I think all you can do is say that simply fear is something that the jury can consider in deciding whether he held implied malice. And how exactly they might consider that would simply be up to the jurors in the jury room. Well, but they were instructed on both the manslaughter and the implied malice that the government had to prove that it wasn't done under fear or duress. The argument that's being made was that somehow fear or duress can reduce that, notwithstanding that instruction, that somehow even if the jury rejected that instruction as given, that somehow fear could have played a role in reducing the charge to manslaughter. And I think that's probably possible under the instructions given. But my position is that there was nothing really wrong with the instructions. They didn't limit the jury's consideration in any way of anything that they were entitled to consider. Well, you know, California has said in the case of lowering murder to voluntary manslaughter that you can use that where you've become enraged, you have that kind of situation. Has California actually said, though, that if you have an unreasonable fear, that reduces second-degree murder to manslaughter? I thought California had not gone to... I mean, it's gone to the reduction in that unique area that anybody charged with murder very often people charged with murder say, well, but it was under emotional... You know, I was emotionally upset and I was angry and et cetera. Had they gone that far on duress? Is there a case that says that... No, they haven't, Your Honor. As a specific defense, no, they haven't. And they refer frequently... If I remember right, and I'm understanding your question right, they refer to it frequently in a gang context. Because basically, otherwise, every gang member that ever shot anybody would have a defense to a murder charge by simply saying, if I didn't, then the OG would have shot me. Well, that was my general memory, and I'm wondering if that's not what's being argued for here, in effect. I think it is. And California... Apparently, the California Court of Appeals says that ain't California law. Correct. I guess we don't review that, or do we? As a question of state law, no. The other observation I would make is that when the general intent instruction was given, it was specifically stated in there that it applied to the charged offense, which was murder, and manslaughter, and vehicular manslaughter. So if, as defense counsel is arguing, the jury found general criminal intent and then went no further, on this language, that would have still left them with a choice between two charges, two offenses. They would still have to choose between murder and manslaughter. And the only way they could have done that was to then go to the correctly given implied malice-murder instructions. So regardless, they had to go to those instructions. And in light of that, I think that the conclusion of the state court was reasonable, and the district court properly found so. Thank you. I'll give you a minute for rebuttal. Yes. I think it's critical to clarify how the California law works here with respect to this fear. Fear is not a defense in the sense that duress, menace, or provocation is a defense. It is something, it is evidence that can be considered in determining whether or not the mental state for implied malice exists. So a defendant can get and say, in a gang context, in any context, and say, I did not act because from a base antisocial motive that I like driving cars 80 miles an hour down the road and it gives me thrills and I'll run red lights just to see what happens. You know, the Russian roulette kind of thing. He can say, as a defense, in the sense of reducing malice, he can say, I acted not from that kind of a base antisocial motive but because I was afraid. We don't call that a defense because what it's really doing is taking on an essential element of the crime, which is the conscious disregard,  And the judge in that question essentially prohibited the jury from trying to understand whether or not Mr. Childress was acting because he was afraid because he got his jollies driving 80 miles an hour down the road. Thank you. I thank both counsel for your arguments this morning. The case of Childress v. Knowles is submitted.
judges: Fernandez, McKeown, Korman